IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFIE CARROLL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.   05 C 0721 |
| | ) | |
| | ) | Judge Robert W. Gettleman |
| CHICAGO PARK DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Jeffie Carroll has sued his former employer, Chicago Park District, alleging retaliation under Title VII for having filed and settled a previous employment discrimination complaint, racial discrimination, violation of his procedural due process rights, and breach of the settlement agreement and collective bargaining agreement, in Counts I through IV respectively. Defendant has moved to dismiss Counts I and III in their entirety and portions of Counts II and IV.  For the reasons set forth below, defendant's motion is granted in part and denied in part.

In Count I, plaintiff alleges that after he was rehired for the 2003 term as a seasonal tennis instructor, defendant retaliated against him for having filed his previous lawsuit. Defendant has moved to dismiss, arguing that plaintiff waived this claim in the July 2, 2003, settlement agreement in which he released defendant "from any and all claims, complaints, grievances, charges, causes of action or demands of whatever kind or nature arising out of his employment from the Park District occurring on or prior to the date of the execution of this Settlement Agreement . . ."  Defendant argues that as a result of the settlement agreement, plaintiff must base any current Title VII retaliation claim on "protected activity" plaintiff undertook after July 2, 2003.  Defendant is incorrect.  Plaintiff can state a claim for any act of

retaliation occurring after July 2, 2003, regardless of when the protected activity occurred, provided that the retaliatory act occurred within 300 days of plaintiff's EEOC charge. Plaintiff has submitted an EEOC charge dated September 2, 2004. Therefore, any claim of retaliation in Count I and discrimination in Count II based on acts within 300 days of September 2, 2004, are actionable. Three hundred days prior to September 2, 2004, is November 6, 2003. Because plaintiff's 2003 seasonal term of employment ended on August 8, 2003, any claim that plaintiff suffered retaliatory discrimination or racial discrimination during his 2003 employment is time-barred. Therefore, defendant's motion to dismiss Counts I and II is granted in part. Plaintiff's claims in Counts I and II are limited to any claim that he was not rehired for the 2004 season as a result of retaliation or racial discrimination.

In Count III, brought pursuant to 42 U.S.C. § 1983, plaintiff claims that defendant denied him procedural due process by depriving him of a property interest in his job as a seasonal instructor without a pre-termination hearing. Plaintiff relies on the Local 73 Collective Bargaining Agreement to establish his protectable property interest. Under the terms of that agreement, however, plaintiff has no appeal rights because he had not yet worked 180 consecutive days prior to his termination. Moreover, under § 18.4 of that agreement, because plaintiff had not completed 180 days of employment he was considered a probationary employee, dischargable without any right to appeal. Probationary employees do not have a protectable property interest in their employment. See e.g., Common v. Williams, 859 F.2d 467, 470 (7th Cir. 1988). Accordingly, defendant's motion to dismiss Count III is granted.

Finally, in Count IV plaintiff alleges a breach of a settlement agreement and breach of the collective bargaining agreement. Defendant argues that the court should decline supplemental

jurisdiction under 28 U.S.C. § 1367. Under the liberal notice pleading standards, the count states a claim and the court finds no reason to decline jurisdiction. Accordingly, defendant's motion to dismiss Count IV is denied.

## **CONCLUSION**

For the reasons set forth above, defendant's motion to dismiss Counts I and II is granted as to any alleged acts of retaliation and or discrimination that occurred prior to November 6, 2003. Defendant's motion to dismiss Count III is granted. Defendant's motion to dismiss Count IV is denied. Plaintiff is directed to file a fourth amended complaint conforming to this opinion on or before August 7, 2006. Defendant is directed to file its answer on or before August 28, 2006. The status report previously set for July 12, 2006, is continued to September 7, 2006, at 9:00 a.m.

**ENTER:**     **July 10, 2006**

_____
       **Robert W. Gettleman**
       **United States District Judge**